1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  JASON MARLON RACCA,                )    NO. EDCV 06-00673 ABC (SS)
                                       )
12             Petitioner,             )
                                       )    ORDER ADOPTING AND MODIFYING
13        v.                           )
                                       )    FINDINGS, CONCLUSIONS AND
14  MATTHEW CATE, Secretary,           )
                                       )    RECOMMENDATIONS OF UNITED STATES
15             Respondent.             )
                                       )    MAGISTRATE JUDGE
16  _____   )

17

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the First

19  Amended Petition, the Motion for Stay, all of the records and files

20  herein, the Magistrate Judge's Reports and Recommendations, and

21  Petitioner's Objections.  After having made a de novo determination of

22  the portions of the Reports and Recommendations to which Objections were

23  directed, the Court concurs with and adopts the findings, conclusions

24  and recommendations of the Magistrate Judge, with the following

25  modification:

26

27        Petitioner objects to the fact that the initial Report and

28  Recommendation did not address his sentencing claim.  (Objections at 4).

1  However, Petitioner admits that the sentencing claim was addressed in
2  a second Report and Recommendation, issued on May 11, 2009. (Objections
3  at 3-4). Petitioner challenges the Court's statement that "Petitioner
4  did not raise any claims under <u>Blakely</u> in the First Amended Petition."
5  (Objections at 4). Finally, Petitioner complains that the May 11, 2009
6  Report erred by finding that the sentencing claim lacked merit.
7  (Objections at 9). Petitioner contends that the Report should have
8  recommended either granting the First Amended Petition or staying the
9  action to allow the state courts to again consider the sentencing claim.
10 (<u>Id.</u>).

11

12     The Court finds that Petitioner fairly presented his sentencing
13 claim in the First Amended Petition. Petitioner filed his original
14 Petition on June 27, 2006. On November 29, 2006, Petitioner filed the
15 First Amended Petition. Petitioner attempted to file a Second Amended
16 Petition on January 24, 2007, which the Magistrate Judge rejected due to
17 procedural deficiencies. Thus, the First Amended Petition remained the
18 operative petition.

19

20     Within a section captioned "Procedural History and Background," the
21 First Amended Petition enumerates seven grounds for relief, including a
22 two-line articulation of Petitioner's sentencing claim. (<u>See</u> FAP at 3).
23 However, the accompanying fifty-page "Memorandum of Points and
24 Authorities in Support of [First Amended] Petition" does not mention the
25 sentencing claim, though it presents arguments in support of
26 Petitioner's six other claims.

27 \\

28

Respondent filed an Answer on January 16, 2009.[1] Respondent did not construe the First Amended Petition to include Petitioner's sentencing claim but nonetheless addressed the merits of that claim in his Answer. Petitioner subsequently filed a Motion for Stay on February 3, 2009, seeking to hold the instant proceedings in abeyance while he presented his sentencing claim once more to the state courts.

On April 24, 2009, the Magistrate Judge issued a Report and Recommendation, which considered all of Petitioner's claims except for the sentencing claim, and recommended that they be denied with prejudice. On May 11, 2009, the Magistrate Judge issued a second Report and Recommendation, which recommended denying Petitioner's Motion for Stay and directly addressed the sentencing claim.

The May 11, 2009 Report and Recommendation considered the merits of Petitioner's sentencing claim. The Report found that if the sentencing claim was before this Court, it should be rejected. Petitioner had the opportunity to file Objections to this recommendation, which he did on May 26, 2009.

This Court concurs with and adopts the finding that Petitioner's sentencing claim lacks merit. Any sentencing error by the trial court pursuant to <u>Cunningham v. California</u>, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), is harmless because it did not have a "substantial and injurious effect on [Petitioner's] sentence." <u>See</u> <u>Hoffman v. Agave</u>,

---

[1] The proceedings were stayed from March 2, 2007 until August 11, 2008, while Petitioner exhausted his remedies in state court. (<u>See</u> May 11, 2009 Report and Recommendation at 4-5).

3

1 | 236 F.3d 523, 540 (9th Cir. 2001) (internal quotation marks omitted)
2 | (citing <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123
3 | L. Ed. 2d 353 (1993)); <u>Butler v. Curry</u>, 528 F.3d 624, 648 (9th Cir.
4 | 2008). Moreover, Petitioner is not entitled to a stay, which would only
5 | delay this Court's eventual determination of harmless error under
6 | <u>Brecht</u>.[2]

7 |

8 | The trial court identified two reasons for imposing the upper term
9 | enhancement: (1) "the crime involved a high degree of cruelty and
10 | callousness in that [Petitioner] was chasing down a man who was
11 | basically leaving or fleeing and shot him four times after firing all
12 | five rounds of the weapon, striking him in the back on each occasion"
13 | and (2) "at least one of those shots he fired while the defendant [sic]
14 | lay helpless on the ground." (RT 1600). These findings correspond to
15 | the aggravating factors under California law that (1) "[the crime
16 | involved great violence, great bodily harm, threat of great bodily harm,
17 | or other acts disclosing a high degree of cruelty, viciousness, or
18 | callousness," Cal. R. Ct. 4.421(a)(1), and (2) "[the victim was
19 | particularly vulnerable." Cal. R. Ct. 4.421(a)(3).

20 |

21 | California requires a court to find only one aggravating factor in
22 | order to impose the upper term. <u>Butler</u>, 528 F.3d at 648. Consequently,
23 | any <u>Cunningham</u> error will be harmless, thus precluding habeas relief,
24 | "if it is not prejudicial as to just one of the aggravating factors at

25 |

26 | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[2] Any state court considering Petitioner's claim under <u>Cunningham</u>
27 | will apply a more generous standard of review, requiring resentencing
unless "the error was harmless beyond a reasonable doubt." <u>In re Gomez</u>,
28 | 45 Cal. 4th 650, 660, 88 Cal. Rptr. 3d 177 (2009).

1    issue." Id.  Under Butler, a court "must grant relief if [it is] in
2    'grave doubt' as to whether a jury would have found the relevant
3    aggravating factors beyond a reasonable doubt." Id.

4

5        In Petitioner's case, the trial court's findings that the victim
6    was "particularly vulnerable" and that the crime involved a "high degree
7    of cruelty and callousness" both find ample support in the record.  This
8    Court has little doubt that, given these facts, a jury would have found
9    beyond a reasonable doubt that the victim was particularly vulnerable.
10   Even after Petitioner's initial shot severely injured the victim,
11   Petitioner continued to shoot at him.  According to Petitioner's own
12   version of the events, Petitioner had already shot the victim in the
13   chest at close range and the victim was attempting to flee when
14   Petitioner pursued him outside and fired several more times.  These
15   facts suffice under California law to find that the victim was
16   particularly vulnerable. See People v. White, 117 Cal. App. 3d 270,
17   282, 172 Cal. Rper. 612 (Ct. App. 1981) (finding that additional shots
18   to the back of the head of a victim already incapacitated from earlier
19   shots involved a "particularly vulnerable" victim), abrogated on other
20   grounds by People v. Scott, 9 Cal. 4th 331, 353 n.16, 36 Cal. Rper. 2d
21   627 (1994); see also Butler, 528 F.3d at 649 (acknowledging White).

22

23       The Court is also satisfied that a jury would have found beyond a
24   reasonable doubt that the crime involved a "high degree of cruelty and
25   callousness." Although California does not define its "somewhat vague
26   aggravating factors," People v. Martinez, 166 Cal. App. 4th 1598, 1606,
27   83 Cal. Rper. 3d 738 (2008), one state court has noted that "callous"
28   typically means "insensitive; indifferent; unsympathetic" and thus

1  applied it to a situation where the defendant opened fire on a group of

2  "unguarded, unprotected and defenseless" persons.  People v. Esquire,

3  166 Cal. App. 4th 539, 558, 82 Cal. Rper. 3d 803 (2008).   Here,

4  Petitioner's continuing to fire at his victim, who was also unprotected

5  and injured, while the victim tried to escape from Petitioner, clearly

6  demonstrated a high degree of cruelty and callousness.  Accordingly, the

7  sentencing error was harmless and Petitioner's claim with respect to the

8  upper term sentence enhancement does not warrant habeas relief.

9

10     IT IS ORDERED THAT:

11

12     1.  Petitioner's Motion for Stay is DENIED.

13

14     2.  The First Amended Petition is DENIED and Judgment shall be

15  entered dismissing this action with prejudice.

16

17     3.  The Clerk shall serve copies of this Order and the Judgment

18  herein on counsel for Petitioner and on counsel for Respondent.

19

20  DATED:

21

22                              _____
                                   Audry B Collins

23                              AUDREY B. COLLINS
                                CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28

6